## In re Estate of Jennie L. Joy, Deceased.

*County Court of Arapahoe County, Dec. 5, 1900.*

;

C. M. Campbell of Boulder for claimant; C. E. Her-

rington and H. C. Vidal for the estate.

STEELE, J., delivered the opinion of the court.

November 30th, 1887, claimant recovered two judgments in the Circuit Court of the United States in Colorado, for the sum of $850 each, against the deceased.

Jennie L. Joy died May 8th, 1900. May 12th, 1900, administratrix was appointed, and on June 18th, 1900, claimant filed his claim against her estate. Upon the trial it was proved, although disputed, that there was a valid judgment and that deceased and the judgment debtor in the United States Court were identical.

The administratrix resists the allowance of the claim mainly upon the ground that, under the act of April 18th, L. '91, p. 246 (3 Mills § 2529), more than ten years having elapsed since the entry of the judgment, the court should consider the judgment as having been satisfied in full.

The questions presented are:

1st. Shall a judgment be considered satisfied in full after the expiration of ten years or after the expiration of twenty years, from the entry thereof? And, if after ten years,

2nd. Does the statute above referred to apply to judgments of the United States Court sitting in Colorado or to any judgment rendered prior to the passage of this act?

A proviso of the act in question is as follows: "And provided further, That execution may issue on said judgment, to enforce the same at any time within twenty years from the entry thereof, but not afterwards, unless revived as provided by law; and from and after ten years from the entry of any final judgment, in any court of this state, the same shall be considered as satisfied in full, unless revived as provided by law."

A plain contradiction is contained in this proviso. Counsel not having asked the court to determine whether

or not the statute is void because of this contradiction, an attempt will be made to construe it. It appears clearly from the note, 3 Mills Ann. St. pp. 713-714, that the contradiction in the act was caused by the failure of the "House" to properly amend the bill then pending; and that the Senate inserted the word "twenty" in place of "ten" in one line, the House ordered the word "ten" stricken and "twenty" inserted in another, in the original bill; while in the enrolled bill, the word "twenty" appears to have been inserted in the place of "ten" in a line not mentioned by the journals of either house.

In the original bill the word "twenty" did not appear, the limitation in each case mentioned in the proviso was ten years.

While the "House" undoubtedly intended to concur in the Senate amendment, it did not do so but amended the bill in a different manner. The court cannot, under such circumstances, use the journals as evidence of the meaning of the statute; this must be gathered from the act itself. The rule that, "Where, in a statute, there are several clauses which present, as compared with each other, an irreconcilable conflict, the one last in order of date or local position must prevail, and the other be deemed abrogated to the extent of such repugnancy whether the conflicting clauses be sections of the same act or merely portions of the same section," will permit this construction of the statute; namely, that execution may issue on a judgment at any time within ten years but not afterwards, unless revived; and from and after ten years from the entry of judgment it shall be considered as satisfied in full, unless revived as provided by law.

No other construction, it seems to me, under the circumstances is warranted.

Counsel for the claimant contends that the common law limitation is applicable to this case: 1st. Because

the statute quoted does not affect judgments of the United States Courts; and, 2nd. Conceding that the statute does apply to such judgment, it having passed after the judgment was rendered, all the remedies of the judgment creditor were saved under the act approved March 17th, L. '91, p. 366, (3 Mills Ann. St. § 4189a).

The statute last mentioned does not in terms save the remedy of the judgment creditor; and, as there is no clause in the statute under consideration, his remedy is not saved except under the law applicable to such cases. The legislature cannot change a statute of limitation so as to destroy the remedy of judgment creditors.

Prior to 1891 there was no statute of Colorado determining the life of a judgment; and at the time of the passage of the act of 1891, the life of a judgment was as at common law, which is generally stated to be twenty years. In this case the remedy of the judgment creditor was not destroyed by the statute, it was simply abridged and a substantial remedy was left him; he had until the year 1897 in which to revive his judgment. This being true the law of 1891 affects his judgments, and if the law applies to judgments of the Federal Courts, it is the duty of the court to consider them as being satisfied in full.

In the case of Metcalf v. Watertown, reported in the Supreme Court Reporter, Vol. 14 p. 947, the Chief Justice rendering the opinion of the court holds, following a decision of the Supreme Court of Wisconsin, " 'That judgments of the United States Court of Wisconsin are to be treated as domestic judgments of a Superior Court of this state.' Since the domestic character of the Federal Court sitting in the State of Wisconsin is conceded, and the principle fully recognized that the judgments are to be treated in all respects as to remedies like the judgments of the State Court, it would seem to follow that the words 'judgment or decree of any court, of record of this State' included the judgment and decrees of federal courts

rendered within the State."

In Colorado the statutes refer to "judgments of this State" and "judgments without this State," and I am of the opinion that the proper construction requires the words of the statute, "any final judgment in any court of this state" to embrace, not only judgments of the courts organized under the laws of this state, but also judgments of the federal courts sitting within the state; and that the words, "judgment or decree rendered in any court without the state" embrace judgments of all courts, state and federal, not sitting in the State of Colorado.

The claim will be disallowed.